Daniel P. Heilbrun, Esq. (SBN 283860)
The Law Office of Daniel P. Heilbrun, Esq.
3512 Harding Street, Suite H
Carlsbad, Ca 92008
dan@heilbrunlegal.com
Phone: 858-869-9404
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA LIGHT, an individual, | Case No.: '17CV0942 LAB JMA |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| EQUIFAX, INC.; and DOES 1 through 10, inclusive, | |
| Defendants. | |

## I. INTRODUCTION

1) This is an action for damages brought by an individual consumer against Defendants for actual, statutory and punitive damages, and costs and attorney's fees brought pursuant to 15 U.S.C. §1681 *et seq.* (Fair Credit Reporting Act "FCRA") and California Civil Code §1785.25(a) which prohibits unlawful credit reporting.

## II. VENUE AND PARTIES

2) Plaintiff TERESA LIGHT ("Light" or sometimes "Plaintiff") is a natural person residing in the State of California, County of San Diego.

3) Defendant EQUIFAX, INC. ("EQUIFAX" or sometimes "Defendant") at all

times relevant was a corporation doing business in San Diego County, California. EQUIFAX is a "consumer reporting agency" as defined by 15 U.S.C. §1681(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties. EQUIFAX disburses such consumer reports to third parties under contract for monetary compensation.

4) The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

5) Venue in this District is proper in that Defendants transact business here and the Plaintiff resides here.

### III.  FACTUAL ALLEGATIONS

6) The IRS placed a tax lien for alleged unpaid federal taxes on the Plaintiff's primary residence on June 7, 2013 ("IRS Lien"). Plaintiff paid the entire amount of the IRS Lien in 2016. The IRS acknowledged the full payment of the IRS Lien and released the IRS Lien on July 13, 2016. After the IRS Lien was released, Plaintiff exercised Plaintiff's right to have the IRS Lien withdrawn and removed from public records including Plaintiff's credit history.

7) The IRS acknowledged the request to withdraw the IRS Lien on August 26, 2016 and sent a notification to the Plaintiff acknowledging the withdrawal ("Notice"). The Notice states: "The lien for the following-named taxpayer was released pursuant to Internal

Revenue Code (IRC) section 6325(a). I certify that the taxpayer has met one or more of the elements of IRS section 6323(j). The Internal Revenue Service therefore withdraws the Notice of Federal Tax Lien for these taxes and additions. The proper official in the office where the Notice of Federal Tax Lien was filed is authorized to update the records to show the withdrawal of the notice of lien for these taxes and additions".  The IRS Lien was then removed from public record.

8) On October 4, 2016, Plaintiff sent to EQUIFAX, via certified mail, a request for reinvestigation of the IRS Lien and a request that the IRS Lien be removed as a public record from Plaintiff's credit report ("First Request") because it is no longer a public record. Plaintiff produced a copy of Plaintiff's credit report as well as the Notice.

9) On October 31, 2016, EQUIFAX responded to the Plaintiff's First Request. EQUIFAX's response acknowledged the release of the lien, however, in disregard to the Request, in disregard of the IRS Lien not appearing as a public record, and in disregard to the Notice attached to the Request, EQUIFAX refused to remove the IRS Lien as a public record from Plaintiff's credit report. Instead, EQUIFAX notified the Plaintiff that the IRS Lien was a public record and was to remain on Plaintiff's credit for seven (7) years.

10) In November 2016, a second request for reinvestigation as to the existence of the IRS Lien as a public record was sent by Plaintiff to EQUIFAX ("Second Request"). The Second Request asked for the inaccurate public record be removed from Plaintiff's credit history. EQUIFAX failed to properly reinvestigate the inaccurate credit item and EQUIFAX failed to accurately update Plaintiff's credit report to show that the IRS Lien is no longer a public record.

11) EQUIFAX refused to conduct a proper reinvestigation into Plaintiff's First Request and Second Request. Instead, EQUIFAX continued reporting a public record on Plaintiff's credit reports despite the fact that the IRS Lien was not a public record.

12) EQUIFAX negligently and repeatedly produced consumer reports with respect to Plaintiff's credit history that contained a public record that is not public record. The IRS Lien that that was withdrawn as a public record should have been removed from Plaintiff's credit history because it is no longer a public record.

13)     EQUIFAX further negligently failed to maintain reasonable procedures designed to avoid the reporting of the incorrect public record information.  In fact, on two separate occasions, EQUIFAX failed to remove the IRS Lien information despite Plaintiff's requests to remove the inaccurate items, despite the fact that the IRS Lien is not public record and despite Plaintiff's offering of proof that the IRS Lien should be withdrawn.

14)     As a result of EQUIFAX's conduct, Plaintiff suffered damage to Plaintiff's credit worthiness and emotional distress.

## IV.  FIRST CAUSE OF ACTION

### (Against Defendants for Violations of the FCRA)

15)     Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

16)     EQUIFAX violated 15 U.S.C. §1681c by negligently producing consumer reports containing inaccurate information.

17)     EQUIFAX violated 15 U.S.C. §1681e(a) by failing to maintain reasonable procedures designed to avoid reporting inaccurate information.

18)     EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

19)     EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to furnishers; and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

20)     EQUIFAX's unlawful conduct damaged Plaintiff as referenced above.

21)     EQUIFAX's unlawful conduct was willful.

22)     Plaintiff is entitled to recover damages under 15 U.S.C. §§1681n and/or 1681o.

23)     Plaintiff is further entitled to recover costs and attorneys' fees pursuant to 15 U.S.C. §§1681n and/or 1681o.

## V. SECOND CAUSE OF ACTION

### (Against Defendants for Violations of California Credit Reporting Act)

24) Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

25) EQUIFAX violated California Civil Code §1785.14(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff;

26) EQUIFAX violated California Civil Code §1785.16 by failing to conduct a reasonable reinvestigation to determine whether the dispute information is inaccurate and record the current status of the disputed information, or delete the item from the file;

26) Plaintiff is entitled to recovery for an award of actual damages, including loss of wages, attorney's fees and pain and suffering.  California Civil Code § 1785.31(a)(1);

27) Plaintiff is entitled to recovery for an award of Punitive damages of $5,000 for each violation of the California Civil Code.  California Civil Code § 1785.31(a)(2)(B); and

28) For any other relief that the court deems proper.  California Civil Code § 1785.31(a)(2)(B).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, and each of them, for the following:

(a) Actual damages;

(b) Punitive damages;

(c) Statutory damages pursuant 15 U.S.C. §1681 and California Civil Code § 1785.31(a)(1);

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n and/or 1681o; and

(e) For such other and further relief as the Court may deem just and proper. Including, but not limited to, an order to correct the inaccurate credit information.

///

///

Date: May 8, 2017          /s/ Daniel P. Heilbrun
            Daniel P. Heilbrun, Esq.
            Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: May 8, 2017          /s/ Daniel P. Heilbrun
            Daniel P. Heilbrun, Esq.
            Attorney for Plaintiff